UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*ELECTRONICALLY FILED*

| | | |
|---|---|---|
| KRISTI FOX | ) | Civil Action No.  3:16-cv-00224-TBR |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM K. MILLER, STATE FARM | ) | |
| INSURANCE COMPANY AND | ) | |
| STUART-LIPPMAN | ) | |
| | ) | |
| DEFENDANTS | ) | |

## **DEFENDANT STATE FARM'S MOTION TO DISMISS**

*\*\*\*\*\**

Comes the defendant, State Farm Mutual Automobile Insurance Company (incorrectly named as State Farm Insurance Company) ("State Farm"), by counsel, and moves the Court for dismissal of all claims asserted against it under Fed.R.Civ.Pro. 12(b)(6) for failure to state a claim.  Plaintiff's claims against State Farm under the Fair Debt Collection Practices Act should be dismissed because State Farm is not a covered "debt collector" under the Act and the underlying subrogation claim is not considered a covered consumer "debt" under the Act. Plaintiff's claim against State Farm for statutory bad claim under the Unfair Claim Settlement Practices Act should be dismissed because the subrogation claim asserted against plaintiff is not the type of claim covered under the Act and State Farm's attempted subrogation is not otherwise unreasonable or reckless. For further support, see State Farm's attached Memorandum of Law.

BOEHL STOPHER & GRAVES, LLP

/s/ David T. Klapheke
David T. Klapheke
400 West Market Street, Suite 2300
Louisville, KY 40202
Phone: (502) 589-5980
Fax: (502) 561-9400
COUNSEL FOR DEFENDANT STATE
FARM

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 19, 2016, I electronically filed the foregoing with the clerk

of the court by using the CM/ECF system, which will send a notice of electronic filing to all

CM/ECF participants.

Richard R. Fox
FOX LAW OFFICES, LLC
409 Bank Street
New Albany, IN  47150
COUNSEL FOR PLAINTIFF

Curt L. Sitlinger
Sitlinger, McGlincy & Theiler
734 West Main Street, Suite 200
Louisville, KY 40202
COUNSEL FOR WILLIAM K. MILLER

Benjamin Bellamy
Reminger Attorneys at Law
730 West Main Street, Suite 300
Louisville, KY 40202
COUNSEL FOR STUART-LIPPMAN AND ASSOCIATES

/s/ David T. Klapheke
David T. Klapheke

UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*ELECTRONICALLY FILED*

| | | |
|---|---|---|
| KRISTI FOX | ) | Civil Action No.  3:16-cv-00224-TBR |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM K. MILLER, STATE FARM | ) | |
| INSURANCE COMPANY AND | ) | |
| STUART-LIPPMAN | ) | |
| | ) | |
| DEFENDANTS | ) | |

**DEFENDANT STATE FARM'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS**

\*\*\*\*\*

Comes the defendant, State Farm Mutual Automobile Insurance Company (incorrectly named as State Farm Insurance Company) ("State Farm"), by counsel, and for its Memorandum of Law in Support of Motion to Dismiss, states as follows:

**STATEMENT OF MATERIAL FACTS**

This action arises out of a motor vehicle accident on March 26, 2015 and the material facts are undisputed.  The plaintiff, Kristi L. Fox ("Fox"), claims that she was driving her vehicle behind a vehicle being driven by the defendant, William K. Miller ("Miller"), when Miller stopped on the right shoulder of Nanz Avenue and then struck her vehicle as she attempted to pass Miller's vehicle on the left.[1]  Miller is expected to testify that he had simply slowed to turn left into his driveway and that the accident occurred when Fox improperly passed him to the left.

---

[1]     Complaint, ¶ 6.

Fox filed a Complaint in Jefferson Circuit Court on March 24, 2016 claiming that Miller was negligent and seeking recovery for personal injuries sustained as a result of the accident.[2]

At the time of the accident, Miller was insured under an automobile insurance policy issued by State Farm.[3]  Fox claims that State Farm hired two debt collection agencies, including the defendant, Stuart-Lippman and Associates ("Stuart-Lippman"), to collect on a subrogation claim for property damage State Farm paid to repair Miller's vehicle arising out of the accident.[4]

Fox in her Complaint also sued State Farm and Stuart-Lippman for violation of the "Fair Debt Collection Act" ("FDCPA")[5] related to the collection efforts and asserted a claim against State Farm for violation of the Unfair Claim Settlement Practices Act, KRS 304.12-230 ("UCSPA").[6]  Because Fox cannot assert a viable claim against State Farm under the FDCPA or USCPA for the conduct alleged, Fox's allegations against State Farm should be dismissed as a matter of law.

## STANDARD OF REVIEW FOR MOTION TO DISMISS

Fed.R.Civ.Pro. 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted." In scrutinizing a complaint under Rule 12(b)(6), the court is required to "accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff."[7] Although a Complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[8]

---

[2] Complaint, ¶¶ 8-9.
[3] Complaint, ¶ 4.
[4] Complaint, ¶ 10.
[5] The applicable federal act is actually the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*
[6] Complaint, ¶¶ 11-14
[7] *Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir. 2007).
[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Merely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient to constitute a plausible claim.[9] Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[10] And, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

## ARGUMENT

I.  **Fox's Claims Against State Farm Under the FDCPA Must be Dismissed as a Matter of Law.**

The FDCPA was enacted to eliminate abuse of debt collection practices by debt collectors, to ensure that those debt collectors who refrained from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.[12]  The purpose of the Act's debt verification is to eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid and to regulate collection activities based upon either a mistaken identity or mistaken facts.[13]

In order to establish a claim under the FDCPA the claimant must establish the following: (1) plaintiff must be a "consumer" as defined by the Act; (2) the "debt" must arise out of transactions which are "primarily for personal, family or household purposes"; (3) the defendant must be a "debt collector" as defined by the Act; and (4) the defendant must have violated the

---

[9]   *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009); *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009).

[10]  *Iqbal*, 129 S.Ct. at 1949.

[11]  *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (*quoting Iqbal*, 129 S.Ct. at 1949).

[12]  *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (citing 15 U.S.C. § 1692(e)).

[13]  *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 361 (6th Cir. 2012) (citing legislative history).

FDCA provisions.[14]  In the case at hand, Fox cannot establish a viable claim against State Farm under the FDCPA because State Farm is not considered a "debt collector" and was not engaging in the collection of a covered consumer "debt" by pursuing its subrogation claim.

## A.    State Farm is Not a "Debt Collector" Under the FDCPA.

The FDCPA defines a covered "debt collector" as follows:

> . . . any person who uses any instrumentality of interstate commerce or the mails and any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.[15]

A party cannot be both a "creditor" and a "debt collector" as defined in the FDCPA.[16]  Courts have consistently held that insurance companies are not considered "debt collectors" under the FDCPA.[17]

In the case at hand, State Farm is clearly not a "debt collector" covered under the FDCPA.  State Farm is an insurance company which principal business is the issuance of insurance policies and not the collection of debts.   Indeed, there is no allegation that State Farm made any direct collection efforts against Fox but rather she claims that State Farm retained collection agencies to pursue its subrogation claim.  Accordingly, Fox's claim against State Farm under the FDCPA should be dismissed as a matter of law on this ground alone.

## B.    In Addition, the Underlying Subrogation Claim is not a Covered Consumer "Debt" Under the FDCPA.

The FDCPA defines a covered "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or

---

[14]    *Wallace v. Washington Mu. Bank, F.A.,* 683 F.3d 323, 326 (6th Cir.  2012).
[15]    15 U.S.C. § 1692a(6).
[16]    *Bridge, supra,* 681 F.3d at 359.
[17]    *See, e.g., Albert v. Illinois Farmers Ins. Co.*, 2007 U.S. Dist. LEXIS 52490 (D. Minn.) (automobile insurer was not acting as a "debt collector" in pursuing dispute regarding premium and loss payment issues); *Mitchell v. Kaiser Foundation Health Plan, Inc.,* 2010 U.S. Dist. LEXIS 135602 (N.D. Ca.) (health insurer was not acting as a covered "debt collector" in pursuing subrogation claim for settlement sums).

services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to a judgment."[18]  By the plain terms of the statute, therefore, not all obligations to pay are considered "debts" subject to the FDCPA.[19]  Rather, the FDCPA may be triggered only when an obligation to pay arises out of a specified "transaction."[20]

The ordinary meaning of "transaction" necessarily implies some type of business dealing between the parties.[21]   In other words, "transactions" are interpreted to "refer to consensual or contractual arrangements, not damage obligations thrust upon one as a result of no more than her own negligence."[22]  Though the Sixth Circuit has not directly addressed this issue, federal appellate circuit courts have determined that claims for damage arising from alleged tortious activity do not qualify as covered "debts" under the FDCPA.[23]

Following this case law, District Courts within the Sixth Circuit have found that similar subrogation claims do not constitute covered "debts" under the FDCPA.  In *Foster v. Amarnek,*[24] an injured plaintiff's automobile insurance company retained a collection agency to collect on a subrogation claim for property damage purportedly caused by her negligence in causing the accident.  Plaintiff denied that she was liable and sued the collection agency for violation of the FDCPA.  The Middle District of Tennessee held that subrogation claims which arise out of an

---

[18]   15 U.S.C. § 1692a(5).
[19]   *Hawthorne v. MAC Adjustment, Inc.,* 140 F.3d 1367, 1371 (11th Cir. 1998) (citations omitted).
[20]   *Id.*
[21]   *Id.*
[22]   *Id.*
[23]   *See, e.g., Fleming v. Picard,* 581 F.3d 922, 925-926 (9th Cir. 2009); *Zimmerman v. HBO Affiliate Group,* 834 F.2d 1163, 1168 (3rd Cir. 1987); *Hawthorne, supra*, 140 F.3d at 1371.
[24]   2014 U.S. Dist. LEXIS 66997 (M.D. Tenn.),

alleged tort and not a consensual or business transaction entered into by a consumer are not covered "debts" under the FDCPA.[25]

Similarly, in the case at hand Fox had no contractual relationship with State Farm. Instead, she claims that she was injured as the result of the negligence of State Farm's insured, Miller.  Because State Farm's subrogation claim does not arise out of any relationship with Fox but instead an underlying tort, the subrogation claim is not considered a covered consumer "debt" under the FDCPA.  Accordingly, Fox's claim against State Farm under the FDCPA must be dismissed on this ground as well.

## II.   Fox's Statutory Bad Faith Claim Under the UCSPA Against State Farm Must Also be dismissed as a Matter of Law.

Fox also claims that State Farm committed statutory bad faith in violating the USCPA by making efforts to collect on its subrogation claim.  Kentucky courts apply the same standard for bad faith claims whether they are first-party or third-party claims and whether they arise from common law or statute. [26]   Under this standard, Fox must present sufficient evidence of the following three elements in order to present a cause of action for bad faith to a jury:

(1)   The insurer must be obligated to pay the claim under the terms of the policy;

(2)   The insurer must lack a reasonable basis in law or a fact for denying the claim; and

(3)   It must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.[27]

The Kentucky Supreme Court focused on the first element of a bad faith claim in a 2000 decision, *Davidson v. American Freightways, Inc,.*[28] where plaintiffs alleged that a self-insured

---

[25]   *See also Taylor v. Javitch*, *Block & Rathbone,* 2012 U.S. Dist. LEXIS 86727 (N.D. Ohio) (subrogation pursued by a collection agency to collect on a judgment arising from a motor vehicle accident was not a covered consumer debt under the FDCPA).

[26]   *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526-27 (6th Cir. 2006).

[27]   *Wittmer v. Jones,* 864 S.W.2d 885, 890 (Ky. 1993).

trucking company violated the UCSPA in failing to engage in good faith settlement negotiations of their bodily injury claims.  After a thorough examination of the principles behind common law and statutory bad faith, the Court held that the self-insured company could not be liable for bad faith as a matter of law because it had no contractual obligation to pay the third-party claim under an insurance policy:

> The gravamen of the UCSPA is that an insurance company is required to deal in good faith with a claimant, whether an insured or a third party, with respect to a claim which the insurance company is contractually obligated to pay.  Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute. [29]

The Kentucky Court of Appeals expounded on *Davidson* in a 2004 decision, *Ky. Nat'l. Ins. Co. v. Shaffer*[30]*,* where a liability insurer defended a claim and paid a judgment.  After trial, however, it was discovered that there was no coverage under the insurer's policy for the accident at issue.  Even though there was evidence that the liability insurer did not conduct an adequate investigation and only offered its policy limits after trial had started, the Court nonetheless held that because the insurer had no contractual obligation to pay the third-party claims, the claimants could not pursue a bad faith claim against the insurer as a matter of law.

Next, the Supreme Court of Kentucky in 2006 in *Knotts v. Zurich Ins. Co.*[31]*,* addressed whether insurers have any continuing duty of good faith after litigation is filed.  This analysis involved defining what constitutes a "claim" under the USCPA which the Court defined as follows:

> Thus, "claim," as used in the statute, means an assertion of right to remuneration under an insurance policy once liability has reasonably been established.  This is usually done by making a

---

[28]   25 S.W.3d 94 (Ky. 2000).
[29]   *Id* at 100.
[30]   155 S.W.3d 738 (Ky. App. 2004).
[31]   197 S.W.3d 512 (Ky. 2006).

claim directly to the insurance company, which then engages in the claim adjustment process.[32]

The plain meaning of the above case law is that claims for common law and statutory bad faith are only meant to apply to claims asserted by a claimant *against* an insurance company whether in the first party or third party context. The analysis is then whether the insurance company fairly handled the claimant's claim *asserted against it*.

In the case at hand, Fox is alleging that State Farm acted in bad faith in pursuing a subrogation claim through a collection agency *against* Fox. Because bad faith does not apply to subrogation claims asserted by an insurance company or its agents against a party to an accident, Fox's USCPA claim should be dismissed as a matter of law.

Fox also cannot meet the second and third elements of a bad faith claim. Mere negligence or errors in judgment fail to rise to the level of bad faith.[33] In order to justify an award of punitive damages, there must be proof of bad faith sufficient for the jury to conclude that there was conduct that was outrageous, of the defendant's evil motive or his reckless indifference to the rights of others.[34] Absent such evidence, a cause of action for bad faith may not be maintained:[35]

> Before the cause of action exists in the first place, there must be evidence sufficient to warrant punitive damages. This means there must be sufficient evidence of intentional misconduct or reckless disregard of the rights of an insured or a claimant to warrant submitting the right to award punitive damages to the jury.[36]

The Kentucky Court of Appeals explained this heavy evidentiary burden:

> The evidentiary threshold is high indeed. Evidence must demonstrate that an insurer has engaged in outrageous conduct

---

[32]   *Id*. at 516.
[33]   *Motorists Mut. Ins. Co. v. Glass,* 996 S.W.2d 437, 451 (Ky. 1997).
[34]   *Id.* at 452.
[35]   *Blue Cross and Blue Shield of Kentucky, Inc. v. Whitaker,* 697 S.W.2d 557, 559 (Ky. App. 1985).
[36]   *Wittmer,* 864 S.W.2d. at 890.

toward its insured. Furthermore, the conduct must be driven by evil motives or by an indifference to its insureds' rights. Absent such evidence of egregious behavior, the tort claim predicated on bad faith may not proceed to a jury. Evidence of mere negligence or failure to pay a claim in a timely fashion will not suffice to support a claim for bad faith. Inadvertence, sloppiness, or tardiness will not suffice; instead, the element of malice or flagrant malfeasance must be shown.[37]

As noted above, State Farm may lawfully retain a collection agency to recover monies paid to its insured for property damage allegedly the result of another's negligence. Kentucky law recognizes that insurers have a common law equitable subrogation interest which permits insurers to obtain recovery for benefits payable as the result of the negligence or fault of a third party.[38]

There is nothing unreasonable much less reckless or an indication of evil motive in State Farm pursuing a subrogation claim even where the liability is disputed. Accordingly, Fox's bad faith claims must be dismissed on this ground as well.

## CONCLUSION

Plaintiff's claims against State Farm under the FDCPA should be dismissed because State Farm is not a covered "debt collector" under the Act and the underlying subrogation claim is not considered a covered consumer "debt" under the Act. Plaintiff's statutory bad claim against State Farm under the UCSPA should be dismissed because the subrogation claim asserted against plaintiff is not the type of claim covered under the Act and State Farm's attempted subrogation is not otherwise unreasonable or reckless. Accordingly, all claims against State Farm should be dismissed as a matter of law.

---

[37]   *USAA v. Bult,* 183 S.W.3d 181, 186 (Ky. App.  2003).
[38]   *Schwarz v. Hasty*, 175 S.W.3d 621, 626 (Ky. 2005).

BOEHL STOPHER & GRAVES, LLP

/s/ *David T. Klapheke*

David T. Klapheke
400 West Market Street, Suite 2300
Louisville, KY 40202
Phone:  (502) 589-5980
Fax:  (502) 561-9400
COUNSEL FOR STATE FARM